UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

SHAWN MOORE,

                      Petitioner,

      - vs -                                        9:07-CV-0926

LAWRENCE SEARS,

                      Respondent.

-----------------------------------------------------------------

APPEARANCES:

SHAWN MOORE
Petitioner, *pro se*
98-A-7294

DAVID N. HURD
United States District Judge

## O R D E R

The Court has received a petition for a writ of habeas corpus brought by Shawn Moore ("petitioner" or "Moore") pursuant to 28 U.S.C. § 2254. Moore is presently confined at the Franklin Correctional Facility. For the reasons set forth below, this habeas corpus petition is being referred to the United States Court of Appeals for the Second Circuit.

In his habeas petition, Moore complains of a judgment of conviction rendered in Albany County Court on October 28, 1998, wherein a jury found him guilty of attempted assault in the first degree, reckless endangerment, and criminal possession of a weapon. He was sentenced to a term of 14 years imprisonment.

Because this is the second habeas petition filed in this Court by Moore[1] regarding his conviction on October 28, 1998, the Court must look to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to determine the proper course of action as such statute has been interpreted by the Second Circuit.  28 U.S.C. § 2244(b) requires individuals who seek to file a second or successive habeas corpus petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider such second or successive application.  28 U.S.C. § 2244(b)(3)(A).[2]

In *Liriano v. U.S.*, 95 F.3d 119 (2d Cir. 1996), the Second Circuit discussed the procedure to be followed where a second or successive application is filed by a state prisoner unaccompanied by the required § 2244(b)(3) motion.  That Court held:

> [W]hen a second or successive petition . . . is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.

*Id*. at 123.

---

[1] Petitioner's prior habeas petition was filed on November 1, 2001 and assigned case number 01-CV-1683.  On June 26, 2003 District Judge Mordue adopted the Report Recommendation of Magistrate Judge Homer and denied the petition.

[2] 28 U.S.C. §2244(b)(3) provides, in part,  as follows:

* * *

(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district  court to consider a second or successive application shall be determined by a  three-judge panel of the court of appeals.

28 U.S.C. §2244(b)(3)(A).

Since Moore has previously filed a petition seeking habeas relief under § 2254 concerning the conviction at issue in the present petition, and he has not obtained the authorization discussed above permitting this Court to consider such petition, the Court must transfer the instant petition to the Second Circuit.  *Liriano,* 95 F.3d at 123.

THEREFORE, it is

ORDERED, that

1.  This action is transferred to the United States Court of Appeals for the Second Circuit for the reasons stated above; and

2.  The Clerk is directed to serve a copy of this Order on petitioner by certified mail.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   September 28, 2007
            Utica, New York.